UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| BILAL A. AL-AMIN, | ) | CASE NO. 1:11 CV 2576 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE NANCY RUSSO, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This action was removed from the Cuyahoga County Court of Common Pleas by Defendants on November 28, 2011.[1]  Plaintiff, Bilal A. Al-Amin, asserts his constitutional rights were violated in connection with a criminal proceeding in the common pleas court; in particular, he alleges he presented a "justification of Surety Subrogation bond" to a sheriff's deputy, but that Judge Nancy Russo neither accepted or rejected it.  He further alleges he was held at the Federal Bureau of Investigations Building pursuant to a warrant, and then "kidnapped" by the Cuyahoga County Sheriff's Department.  Plaintiff was held for 30 days at the Cuyahoga County Justice Center, and then released on personal bond.  The case was later dismissed without prejudice, pending a grand jury investigation.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1]        Defendants are:  Judge Nancy Russo , Bill Coyne, Bill Mason, Dan Kasaris, and Michael J. Corrigan.

accusation. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.*  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*     Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid  claim under the above standard.  *See also*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  This action is therefore appropriately subject to summary dismissal.  *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); see *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/Dan Aaron Polster 12/1/11*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE